UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYLER DAVIS, | ) | CASE NO.  1:26-cv-00821 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| VETERANS AFFAIRS, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is *pro se* Plaintiff Tyler Davis's ("Davis") Complaint against the
Department of Veterans Affairs ("VA").  (Doc. 1.)  Davis also seeks to proceed *in forma*
*pauperis* (Doc. 2), which is GRANTED.  For the reasons stated herein, the Complaint is
DISMISSED pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

I.      **BACKGROUND**

Davis claims the VA has been threatening to separate his benefits for "various arbitrary
reasons."  (Doc. 1 at 2.)[1]  He states he has done everything he can to protect his benefits as those
benefits are paramount to his well-being.  (*Id.*)  He "requested a higher review in D.C.," but
"Cleveland Regional intentionally blocked my request" and "veterans don't go to D.C.
anymore."  (*Id.*)  He claims he later learned this is not true.  He also submitted a complaint
through the VA Office of Inspector General that he alleges was ignored.  (*Id.* at 1-2.)

Davis contends providers did not show up for appointments, ended appointments early,
and told him his deployment to Israel during the Gulf War isn't covered.  (*Id.* at 2.)  He also
accuses VA personnel of dismissive behavior and failure to meet veterans' needs.  (*Id.* at 1.)  His

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document
and PageID# rather than any internal pagination.

Complaint also alleges an unspecified VA "prosecutor and special agent" lied to a judge about his diagnosis and deployment.  (*Id.* at 2.)

Davis does not assert any legal claims, nor does he specify the relief he seeks.

## II.  LAW AND ANALYSIS

*Pro se* pleadings are liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551, (1982) (per curiam).  But such liberal construction is not without limits.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Liberal construction does not "abrogate basic pleading essentials in *pro se* suits."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Nor does it allow district courts to conjure up allegations, draw unsupported inferences, or construct claims on a *pro se* plaintiff's behalf.  *See Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

District courts are required to dismiss *in forma pauperis* actions under 28 U.S.C. §§ 1915(e) and 1915A if the complaint fails to state a claim upon which relief can be granted or lacks an arguable basis in law or fact.  *See Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To avoid a dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under §§ 1915(e) and 1915A).  At bottom, to comply with Rule 8 of the Federal Rules of Civil Procedure, a complaint must give defendants

fair notice of a plaintiff's legal claims and the facts on which those claims rest.  *See Iqbal*, 556

U.S. at 677-78.

Upon review, the Court finds Davis's Complaint must be dismissed because, even

liberally construed, it fails to state a plausible claim.  To the extent he is attempting to appeal the

denial or termination of his VA benefits, this Court lacks subject matter jurisdiction to conduct

such a review.  The Veterans Judicial Review Act, 28 U.S.C. § 511(a), precludes a district court

from reviewing decisions on veterans' benefits, including constitutional challenges.  *See Beamon*

*v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997); *Waksmundski v. Williams*, 727 F. App'x 818, 820

(6th Cir. 2018).  Davis's potential avenue for relief would be through administrative channels,

first by appealing a denial of benefits to the Board of Veterans Appeals, and, if unsuccessful, to

the Court of Appeals for Veterans Claims.  *Beamon*, 125 F.3d at 967.  If unsuccessful again,

"[t]he Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions

of the [Court of Appeals for Veterans Claims]."  *Id*.; *Mathews v. United States*, No. 1:22-CV-

01214, 2023 WL 4675995, 2023 U.S. Dist. LEXIS 126483, at *11-12 (N.D. Ohio July 21, 2023)

(same).

To the extent Davis seeks to assert a separate claim, it is not apparent on the face of his

Complaint.  The United States, as a sovereign, cannot be sued without its prior consent, and the

terms of its consent define the Court's subject matter jurisdiction.  *F.D.I.C. v. Meyer*, 510 U.S.

471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994).  A waiver of sovereign immunity must be

strictly construed, unequivocally expressed, and cannot be implied.  *United States v. King*, 395

U.S. 1, 4, 89 S. Ct. 1501, 23 L. Ed. 2d 52 (1969); *Soriano v. United States*, 352 U.S. 270, 276, 77

S. Ct. 269, 1 L. Ed. 2d 306 (1957), *overruled on other grounds*, *Irwin v. Dept. of Veterans*

*Affairs*, 498 U.S. 89, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).  Davis must therefore point to

some statute waiving sovereign immunity for the type of suit he seeks to bring.  Because he has

not identified a cause of action for which the United States has waived sovereign immunity, the

Court lacks subject matter jurisdiction over this case.

## III.    CONCLUSION

For the reasons stated herein, *pro se* Plaintiff Tyler Davis's Complaint is DISMISSED

pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  The Court further certifies, pursuant to 28 U.S.C.

§ 1915(a)(3), that an appeal from this decision could not be taken in good faith.


**IT IS SO ORDERED.**


**Date:**  May 26, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE